**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JAMES E. TUCKER,<br><br>Plaintiff,<br><br>v.<br><br>JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. 07-817-JJF |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT**

1. Plaintiff filed his Complaint pro se on December 14, 2008. (Doc. No. 1.) Plaintiff served the Defendant on March 11, 2008, meaning Defendant's answer is due May 12, 2008. (Doc. No. 7.)

2. Plaintiff's Complaint is a bare-bones, form Title VII complaint. It does not contain even *a single factual allegation* to support Plaintiff's Title VII claims. In Paragraph One of the Complaint, Plaintiff makes the conclusory allegation that the Defendant discriminated against Plaintiff based on his race and prior EEOC activity. (Doc. No. 1, Compl. ¶ 1.) In Paragraph Nine of the Complaint, where Plaintiff is asked to state the "discriminatory acts alleged in this suit," Plaintiff states, "See Attached." (Id. ¶ 9.) Attached to the Complaint are thirty-eight pages of documents that appear to be mostly related to a grievance Plaintiff filed through his union against the USPS. Also attached are the EEOC complaint Plaintiff filed and the decision of the EEOC-OFO dismissing Plaintiff's complaint.

3. As explained below, Plaintiff should be required to make a more definite

statement because this is one of those rare cases where the Defendant cannot reasonably respond to the Complaint.

4. A motion for a more definite statement pursuant to Rule 12(e) "is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading." Schaedler v. Reading Eagle Publication, Inc., 370 F.2d 795, 798 (3d Cir. 1967).

5. Here, Defendant is unable to reasonably respond to the Complaint. Paragraph Nine, which directed Plaintiff to make factual allegations to support his claims, instead references thirty-pages of documents, many of which appear to have little or nothing to do with Plaintiff's EEOC claims. The Defendant is unable to reasonably admit or deny the allegations in Paragraph Nine, or even decipher those "allegations" to determine whether Plaintiff can state a claim upon which relief can be granted. Under these circumstances, other courts have required plaintiffs to make a more definite statement. See, e.g., Cox v. Timoney, No. 00-5242, 2000 WL 1887529, at *1 (E.D. Pa. Dec. 11, 2000) (in a Title VII case, granting defendant's motion for a more definite statement because "Simply appending a mass of documents as plaintiff has done here does not aid the defendants in responding to that complaint."); Greene v. FLDDSO, No. 03-CV-6668 CJS, 2004 WL 2126657, at *1-3 (W.D.N.Y. Sept. 23, 2004) (in a Title VII case, granting defendant's motion for a more definite statement because plaintiff attempted to state a claim by merely attaching documents from her EEOC case to her complaint and stating, "See original complaint EEOC attachments,").[1] Similarly, this Court should require Plaintiff to make

[1]Other courts have simply dismissed complaints like the one Plaintiff filed. See, e.g., Dismuke v. Florida Bd. of Governors, No. 8:05CV340T17TBM, 2005 WL 1668895, at *3 (M.D. Fla. July 8, 2005) (in a Title VII case, granting the defendant's motion to dismiss pursuant to

a more definite statement.

6. For all of the above reasons, the Defendant respectfully requests that his Motion For A More Definite Statement be granted. Specifically, Plaintiff should be required to allege facts, not merely reference documents, that show how the Defendant discriminated against Plaintiff based on his race and prior EEOC activity. Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and "and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).

DATED: May 12, 2008.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By: /s/ Seth M. Beausang
Seth M. Beausang (De. I.D. No. 4071)
Assistant United States Attorney
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277

Attorney for Defendant

---

Fed. R. Civ. P. 8 because, "Allegations of facts and claims must be separated into numbered counts. The addition of Attachments A, B, and the EEOC Notice (Complaint, pages 10-15, 16-17, & 18) are also improper in the complaint. Those documents should be submitted as exhibits to the complaint and not part of it.").

**CERTIFICATE OF SERVICE**

I, Seth M. Beausang, hereby attest under penalty of perjury that on this 12th day of May, 2008, I directed that two copies of the Defendant's Motion For A More Definite Statement, Memorandum of Points and Authorities in support thereof, and proposed Order, be sent the following day to the following pro se Plaintiff by First Class Mail:

James E. Tucker
143 Wellington Way
Middletown, DE 19709
(302)378-2698

/s/ Seth M. Beausang
Assistant United States Attorney