IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMES E. TUCKER,                      :
                                      :
    Plaintiff,                        :
                                      :
        v.                            :  Civil Action No. 07-817-JJF
                                      :
POSTMASTER GENERAL                    :
JOHN E. POTTER,                       :
                                      :
    Defendant.                        :

**MEMORANDUM OPINION AND ORDER**

Presently before the Court is Defendant John E. Potter's Motion To Dismiss For Lack of Prosecution. (D.I. 11.) For the reasons set forth below, the Court will issue a Show Cause Order to determine whether this case should be dismissed for failure to prosecute.

**I. BACKGROUND**

On December 14, 2007 Plaintiff James E. Tucker ("Tucker") initiated this action, alleging violations of Title VII of the Civil Rights of Act of 1964. (D.I. 1 ¶ 1.) Specifically, Tucker alleged that from January 30, 2007 to March 8, 2007 discrimination related to "race and reprisal for prior EEO activity" occurred in connection with his employment at the Delaware Processing and Distribution Center facility of the United States Postal Service, where Tucker apparently served as president of an employees union. (Id.; see also id. at 13 (letter from Barbara Reamer denying Tucker's grievance).) Based on documents attached to Tucker's complaint, it appears that

Tucker, who is white, believes supervisor Shed Williams, who is African American, allowed him less "Union time" than former union president John Brown, who is also African American. (Id. at 5.) According to Tucker, this prevented him from being successful as union president, thereby reducing his chance of being re-elected as union president. (Id. at 4.)

On May 12, 2008, Defendant John E. Potter ("Potter") moved for a more definite statement. (D.I. 9.) Although the docket indicates that notification of the motion was sent to Tucker's home address, no response to the motion was ever filed. On August 18, 2008, Potter filed a motion to dismiss Tucker's complaint based on Tucker's failure to prosecute this action under Del. L.R. 41.1. (D.I. 11.) The docket reflects that notification of this motion was also sent to Tucker's home address. In addition, the docket reflects that separate notification of the September 5, 2008 answering deadline was sent to Tucker's home address. Nevertheless, Tucker never filed any response to Potter's motion to dismiss for failure to prosecute.

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 41 (b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with the Federal Rules or any order of court. . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails

2

to prosecute the action. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 (3d Cir. 1995).

The Third Circuit has set forth six factors to consider when evaluating dismissal for failure to prosecute: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). The Court must balance the factors and need not find that all of them weigh against the plaintiff to dismiss the action. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of Poulis factors are not satisfied. Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1998). Moreover, when a litigant's conduct makes adjudication of the case impossible such balancing under Poulis is unnecessary. See Guyer v. Beard, 907 F.2d 1424, 1429-30 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994).

### III. DISCUSSION

Applying the Poulis factors to the circumstance of this case, the Court concludes that Plaintiff Tucker's failure to prosecute his Complaint could result in dismissal of the

Complaint, particularly in light of his failure to respond to Potter's motion for failure to prosecute. This case has been on this Court's docket since December of 2007, and Tucker has since failed to take any action with respect to his Complaint against Tucker. Plaintiff's dilatoriness has stalled this litigation and hampered Potter's ability to defend against Tucker's Complaint. Plaintiff has provided no correspondence to the Court explaining his failure to respond to either of Potter's motions or otherwise litigate this case. In these circumstances, the Court is left with no other conclusion than Tucker has willfully failed to prosecute this action.

    Del. L.R. 41.1 provides:

> Subject to the provisions of Fed. R. Civ. P. 23 and 23.1, in each case pending wherein no action has been taken for a period of 3 months, the Court may, on its motion or upon application of any party, and after reasonable notice and opportunity to be heard, enter an order dismissing such case unless good reason for the inaction is given. After any such application or notice from the Court, no application for a continuance or any proceeding taken under the discovery rules shall be deemed to toll the operation of this Rule.

Consistent with this rule, the Court will provide Tucker with a final opportunity to explain his delay and avoid dismissal of his Third-Party Complaint.

    NOW THEREFORE, IT IS HEREBY ORDERED that Third-Party Plaintiff Tucker shall show cause why his Complaint against Defendant Potter should not be dismissed with prejudice by submitting a written explanation for his failure to respond to

4

Defendant's pending Motion and a written explanation as to why he has not prosecuted the alleged claims no later than **November 21, 2008.** Failure to comply with this Order will result in the Court dismissing Tucker's Complaint against Potter.

November 1, 2008
DATE

UNITED STATES DISTRICT JUDGE